**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JACOB ALOKO,

        Appellant,

    v.

UNITED STATES POSTAL SERVICE,

        Agency.

DOCKET NUMBER
DA-4324-18-0521-I-1

DATE: May 21, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jacob Aloko</u>, Richmond, Texas, pro se.

<u>Yvette K. Bradley</u>, Esquire, Dallas, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons discussed below,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

we VACATE the initial decision that denied the appellant corrective action under USERRA and instead DISMISS the appellant's appeal under USERRA for lack of jurisdiction.

## BACKGROUND

The appellant, a Mail Processing Clerk, filed an appeal alleging that the agency discriminated against him based on his status as a disabled military veteran in violation of USERRA.[2] Initial Appeal File (IAF), Tab 1 at 5. The administrative judge identified the allegedly discriminatory actions in dispute to include the following: offering the appellant a light duty assignment outside his medical restrictions; denying his request for accommodation of his disability; and proposing his removal. IAF, Tab 1 at 5, Tab 16. Initially, the appellant requested a hearing; however, during the proceedings below he withdrew his request. IAF, Tab 1 at 2, Tab 14. Based on the written record, the administrative judge found that the appellant did not show by preponderant evidence that his military service or disabled veteran status was a factor in the agency's light duty offer, the response to his request for accommodation, or the proposed removal.[3] IAF, Tab 23, Initial Decision (ID) at 11-14.

In his petition for review, the appellant contends that the reason for his mistreatment by the agency was discrimination on the bases of race and national origin (African). Petition for Review (PFR) File, Tab 1 at 3. He also alleges that the administrative judge failed to address his assertion that the agency prevented him from speaking directly with the Plant Manager, who, according to the

[2] The administrative judge docketed a separate appeal regarding what she characterized as the appellant's claim that he had been constructively suspended. *Aloko v. U.S. Postal Service,* MSPB Docket No. DA-0752-19-0023-I-1, Tabs 1, 3. The administrative judge dismissed the appeal for lack of jurisdiction. *Aloko,* MSPB Docket No. DA-0752-19-0023-I-1, Initial Decision (Feb. 15, 2019). That decision became the final decision of the Board when neither party filed a petition for review.

[3] After the close of record, the appellant submitted a letter, dated January 3, 2019, removing him from his position. IAF, Tab 22. That matter was docketed as a separate appeal. *Aloko v. U.S. Postal Service,* MSPB Docket No. DA-0752-19-0179-I-1.

appellant, would have gotten him a light duty assignment in a different unit.  *Id.*  Additionally, he alleges that the agency officials lied in their affidavits.  *Id.*

## ANALYSIS

There are two types of cases that arise under USERRA:  reemployment cases under 38 U.S.C. §§ 4312-4318 and discrimination cases under 38 U.S.C. § 4311(a) and (b).  *Bostwick v. Department of Agriculture*, 122 M.S.P.R. 269, ¶ 5 (2015).  This appeal involves a discrimination claim.  The Board employs a liberal approach to determine whether an appellant has established the Board's jurisdiction under USERRA, and the relative weakness of an appellant's assertions in support of his claim is not a basis for a jurisdictional dismissal.  *Beck v. Department of the Navy*, 120 M.S.P.R. 504, ¶ 8 (2014); *Swidecki v. Department of Commerce*, 113 M.S.P.R. 168, ¶ 6 (2010).  Rather, if an appellant fails to develop his contentions, his claim should be denied on the merits.[4]  *Beck*, 120 M.S.P.R. 504, ¶ 8; *Swidecki*, 113 M.S.P.R. 168, ¶ 6.  Nevertheless, not every reference to USERRA brings a matter within the Board's jurisdiction.

Under 38 U.S.C. § 4311(a), "[a] person who . . . has performed . . . service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that . . . performance of service."  *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012) (quoting 38 U.S.C. § 4311(a)).  To establish jurisdiction over a USERRA discrimination claim before the Board, an appellant must nonfrivolously allege that (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to his performance of duty or obligation to perform duty in the uniformed service.  *Id.*

---

[4] Once an appellant has established the Board's jurisdiction over his USERRA appeal, he has a right to a hearing on the merits of his claim.  *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012).

To establish a USERRA violation, the appellant must prove these elements by a preponderance of the evidence. *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). If the appellant makes this showing, the agency can avoid liability by showing, as an affirmative defense, that it would have taken the same action for a valid reason without regard to his uniformed service. *Burroughs v. Department of the Army*, 120 M.S.P.R. 392, ¶ 7 (2013).

An allegation that an appellant's employer took or failed to take various actions "on the basis of" his performance of his duty in a uniformed service would constitute a nonfrivolous allegation entitling the appellant to Board consideration of his USERRA claim. *See Duncan v. U.S. Postal Service*, 73 M.S.P.R. 86, 92 (1997), *overruled on other grounds by Fox v. U.S. Postal Service*, 88 M.S.P.R. 381 (2001). However, as discussed below, a claim that an employee was discriminated against based solely on a disability arising from his military service is not cognizable under USERRA.

The USERRA statutory language prohibits discrimination in employment on the basis of service in a uniformed service. 38 U.S.C. § 4311(a). "Service in a uniformed service" is defined as "performance of duty . . . in a uniformed service . . . ." 38 U.S.C. § 4303(13). Thus, the statute prohibits the denial of a benefit of employment based on an employee's "performance of [military] duty," not the denial of a benefit of employment based on a veteran's disability arising out of his performance of duty. *See McBride v. U.S. Postal Service*, 78 M.S.P.R. 411, 415 (1998). This interpretation is consistent with the purposes of the statute, which mentions "service," and not "injuries or disabilities arising from service." *See* 38 U.S.C. § 4301(a)(3); *McBride*, 78 M.S.P.R. at 415. The Board has consistently interpreted USERRA so as to find a lack of jurisdiction over claims of discrimination based on a disability, even if the injury was incurred in military service. *Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 22 (2013) (finding that the Board lacks jurisdiction over the appellant's USERRA claim because, to the extent he claimed he was discriminated against based on disability

arising from his military service, such a claim is not cognizable under USERRA); *Henson v. U.S. Postal Service*, 110 M.S.P.R. 624, ¶¶ 8-9 (2009) (determining that USERRA did not authorize the Board to adjudicate the appellant's claim that the agency discriminated against him based on his service-connected "medical problems"); *Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 14 (2003) (concluding that USERRA did not authorize the Board to adjudicate the appellant's claim of discrimination based on his service-connected disability alone); *Ray v. Department of Veterans Affairs*, 84 M.S.P.R. 108, ¶ 3 (1999) (determining that the appellant's claim of discrimination based on a military-connected disability was not a claim covered under USERRA); *McBride*, 78 M.S.P.R. at 415 (stating that USERRA does not authorize the Board to adjudicate a claim of discrimination based on disability alone, even if the underlying disability arose from military service).

In the instant appeal, the administrative judge found that, while the appellant asserts, and the agency's Standard Form 50 reflects, that the appellant is a veteran, the appellant does not allege that he lost a benefit of employment due to the performance of duty in a uniformed service; rather, he alleges that he was treated improperly due to the disability or disabilities attributable to his prior military duties. ID at 7. Nonetheless, without explanation, the administrative judge found that the appellant nonfrivolously alleged that he was denied a benefit of employment by the agency on account of his disabled veteran status. ID at 8.

Although the appellant indicated that he was a disabled veteran and that he was denied a light duty assignment within his medical restrictions and accommodation of his disability, and issued a notice of proposed removal, he failed to make an allegation of fact to support his assertion that the agency denied him these benefits of employment based on his military service or his "status" as a veteran. He did not allege that he was treated differently than non-veterans regarding these benefits of employment and stated that he is not the only veteran working in the plant with military disabilities and that the others are treated with

respect. IAF, Tab 7 at 2. The appellant further stated that his case is one of equal employment opportunity discrimination. *Id.* He made no allegation of fact that directly connects the alleged denial of benefits of employment to his military service rather than to the disability that he incurred while in military service.[5]

Thus, consistent with the discussion of the statute and Board precedent above, we find that the appellant has failed to raise a nonfrivolous allegation that the denial of a benefit of employment was due to his performance of duty or obligation to perform duty in a uniformed service. Accordingly, the appellant has not raised a valid claim under USERRA, and the administrative judge erred by finding that the appellant nonfrivolously alleged that he was denied a benefit of employment. Rather, we find that the appellant's appeal is properly dismissed for lack of jurisdiction.[6]

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[5] The appellant also alleged that his supervisor stated that he "brought" his disability to the agency from his military service and that he sought to have the agency stop telling him that "the origin" of his medical disability was from the military. IAF, Tab 1 at 5, Tab 7 at 2. Importantly, the appellant does not deny that his disability resulted from his military service and does not explain how, if true, the statements show discrimination based on his military service.

[6] Regarding the appellant's claims of race and national origin discrimination, the Board lacks the authority to review other claims of prohibited discrimination in connection with a USERRA appeal. *Metzenbaum v. Department of Justice*, 89 M.S.P.R. 285, ¶ 15 (2001); *see Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 18 (2006).

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                      _____
                                    Gina K. Grippando
                                    Clerk of the Board

Washington, D.C.